UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**

JAN 1 5 2019

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Criminal No.** **A 1 9 CR 0 1 3 RP** |
| v. | Counts One—Three: 18 U.S.C. § 1341 (Mail Fraud) |
| KYLE GERALD PRALL, a/k/a "Jacob Collins," a/k/a "John Holloway," | Counts Four—Six: 18 U.S.C. § 1343 (Wire Fraud) |
| Defendant. | Counts Seven—Twelve: 18 U.S.C. § 1956 (Money Laundering) |
| | Counts Thirteen—Fourteen: 18 U.S.C. § 1957 (Money Laundering) |
| | Counts Fifteen, Seventeen, Nineteen: 18 U.S.C. § 1001(a)(2) (False Statements) |
| | Counts Sixteen, Eighteen, Twenty: 18 U.S.C. § 1519 (Falsification of Federal Records) |

## INDICTMENT

The Grand Jury charges:

## BACKGROUND ALLEGATIONS

1. At all times material to this indictment:

2. Defendant KYLE GERALD PRALL was a resident of Austin, Texas, in the Western District of Texas.

3. Person A worked for PRALL as a digital marketer.

4. Person B worked for PRALL as a bookkeeper.

5. The Federal Election Commission ("FEC") was an agency of the United States Government responsible for regulating, among other things, political committees formed to

1

support candidates for federal, elected office through fundraising and expenditures.

6.      During the 2016 election cycle for the Office of the President of the United States, political committees were required to report to the FEC all contributions and expenditures of $200 or more.  Reports of contributions of $200 or more were required to include the amount of the contribution, the date of receipt, the donor's full name and address, and the donor's occupation and employer.  Reports of expenditures of $200 or more were required to include the amount of the expenditure, the date of payment, the name and address of the payee, and the purpose of the disbursement.

7.      On or about December 30, 2015, PRALL registered the political committee "Feel Bern" with the FEC for the stated purpose of supporting Presidential Candidate A's candidacy for President of the United States.  The name of the committee was later changed to "Socially Responsible Government," although the website associated with the committee continued to use "Feel Bern."

8.      On or about January 19, 2016, PRALL registered the political committee "HC4President" with the FEC.   PRALL registered HC4President for the stated purpose of supporting Presidential Candidate B's candidacy for President of the United States.

9.      On or about March 25, 2016, PRALL registered the political committee "Trump Victory" with the FEC.  PRALL registered Trump Victory for the stated purpose of supporting Presidential Candidate C's candidacy for President of the United States.   The name of the committee was later changed to "Make America Great."

10.      After registering each political committee, PRALL opened or caused to be opened a corresponding bank account for each committee at Financial Institution A.

11.      PRALL opened LLCs and corresponding bank accounts at Financial Institutions B

and C to serve as anonymous shells to launder funds from the political committees and to distribute them to PRALL. PRALL used a preexisting Limited Liability Company ("LLC") and bank account at Financial Institution B to operate Feel Bern initially and later used the account as a final layer to further launder money raised by the political committees and transfer it to PRALL's personal accounts. Most of the bank accounts were closed shortly after the end of the 2016 election cycle. The LLCs and accounts are reflected below:

| Entity | Formed or Modified | Bank Account Opened | Bank Account Closed |
|---|---|---|---|
| LRQ d/b/a/ Feel the Bern ("LRQ") | December 2015 | November 2015, Financial Institution B | -- |
| DMF Marketing Solutions ("DMF") | January 2016 | February 2016, Financial Institution C | December 2016 |
| NHT Productions ("NHT") | January 2016 | January 2016, Financial Institution B | February 2017 |
| Apex Marketing ("Apex") | June 2016 | June 2016, Financial Institution B | August 2017 |

## THE SCHEME TO DEFRAUD

12.     Beginning in December 2015 and continuing until no later than August 2017, in the Western District of Texas and elsewhere, the defendant, PRALL, did knowingly devise and intend to devise a scheme and artifice to defraud and to obtain money by means of material false and fraudulent pretenses, representations, and promises; specifically, PRALL solicited contributions from the general public for multiple political committees, including Feel Bern, HC4President, and Trump Victory, based on misrepresentations, including but not limited to, that the money contributed by donors would be used to support candidates for the Office of the President of the United States by: (1) paying for transportation for voters to the polls; (2) paying for training for volunteers to make phone calls and canvass neighborhoods to support the respective candidates; (3) paying to help voters obtain appropriate identification documents; and (4) making contributions

directly to Presidential Candidate C and to other organizations supporting his campaign, when in reality PRALL did not intend to, and did not, use the contributions for any of these purposes and instead transferred much of the money to himself through sham LLC accounts and used the other funds to generate additional contributions to his fraudulent political committees.

## PURPOSES OF THE SCHEME

13.     It was a purpose of the scheme for the defendant, PRALL, to enrich himself by obtaining contributions under false pretenses from supporters of candidates for the Office of the President of the United States during the 2016 election cycle.

14.     It was a purpose of the scheme for the defendant, PRALL, to conceal from the public, his donors, and the FEC the fact that he was regularly transferring funds from his political committees to bank accounts that he controlled for his personal enrichment.

15.     It was a purpose of the scheme for the defendant, PRALL, to conceal from the public, his donors, and the FEC that he was spending money contributed to his political committees directly from the political committee bank accounts on personal expenses unrelated to the candidates or the 2016 presidential election.

## MANNER AND MEANS

16.     The manner and means by which the defendant, PRALL, and others carried out the scheme included, but were not limited to, the following:

17.     Beginning in December 2015, PRALL began registering political committees with the FEC for the stated purpose of soliciting contributions and making expenditures in support of candidates for the Office of the President of the United States.

18.     Beginning in January 2016, PRALL established LLCs and opened bank accounts in the names of the LLCs to receive transfers from the political committees to allow PRALL to

4

transfer political committee money to himself without being subject to FEC reporting requirements and public scrutiny.

19.     Beginning no later than January 2016, PRALL: (1) set up websites soliciting contributions for his political committees based on misrepresentations as to how the money would be spent; (2) advertised the existence of his political committees online, including through internet search engines and social networking sites; and (3) posted content on his political committee websites to make them appear legitimate.

20.     Beginning in January 2016, PRALL transferred contributions from the political committee accounts to LLC bank accounts that he controlled.  PRALL then transferred funds to his personal checking and savings accounts for his personal use, concealing from the FEC, the public, and the contributors to his political committees that he was taking a large portion of the contributions for his personal enrichment.

21.     Beginning no later than February 2016, PRALL spent money directly from the political committee accounts on purely personal expenditures.  PRALL concealed the true nature of many of these expenditures by reporting them to the FEC as legitimate expenses when they were purely personal in nature and unrelated to the political committees.

## ACTS IN FURTHERANCE OF THE SCHEME

### Feel Bern

A. Solicitations

22.     On or about December 30, 2015, PRALL caused to be filed an FEC Form 1 Statement of Organization registering "Feel Bern" as a political committee to support Presidential Candidate A.  On March 7, 2016, PRALL caused to be filed an FEC Form 1 Statement of Organization changing the name of the political committee to "Socially Responsible Government."

5

23.    No later than January 2016, PRALL designed and launched a website at www.feelbern.org, identifying the host organization as the Feel Bern Committee to Elect Presidential Candidate A. PRALL solicited donations through the website and falsely claimed: "We are volunteers helping [Presidential Candidate A] win the US Presidential election and usher in a new government for the people by helping raise awareness with voters." PRALL also falsely represented: "The donations will be used primarily to charter buses for transportation to voting polls . . . . This money will go directly to chartering buses and paying for fuel to transport voters to Presidential election polls."

24.    Between December 2015 and July 2016, PRALL raised over $300,000 in contributions to Feel Bern. Despite PRALL's representations, of this $300,000, PRALL paid no expenses for transportation, chartering buses, or fuel. PRALL donated less than $4,000 to political causes.

**B. Stealing the Contributions**

25.    Between February 2, 2016, and January 12, 2017, on or about the dates listed below, PRALL transferred a total of $49,361.33 from Feel Bern to the NHT account and $41,405.81 to the DMF account, both of which he controlled, as set forth below:

6

| Transfers to NHT | |
|---|---|
| Date | Amount |
| 2/23/2016 | $9,575.00 |
| 5/4/2016 | $7,690.00 |
| 5/26/2016 | $5,674.33 |
| 7/26/2016 | $4,563.34 |
| 8/8/2016 | $9,653.09 |
| 8/11/2016 | $9,463.98 |
| 8/15/2016 | $2,741.59 |
| **Total** | **$49,361.33** |

| Transfers to DMF | |
|---|---|
| Date | Amount |
| 3/4/2016 | $8,570.00 |
| 4/5/2016 | $8,345.00 |
| 5/4/2016 | $5,670.00 |
| 5/26/2016 | $4,566.87 |
| 6/2/2016 | $5,689.98 |
| 8/8/2016 | $8,563.96 |
| **Total** | **$41,405.81** |

26.     In addition, between January and June 2016, PRALL paid himself a salary of approximately $46,153.80.

27.     Additionally, PRALL used the debit card for the political committee's bank account at Financial Institution A to pay for the following personal expenditures:

    a.  $1,167.64 for a two-night stay at The Palms Hotel & Spa in Miami Beach, Florida on February 25, 2016;

    b.  $3,101.92 at the E11EVEN nightclub in Miami, Florida for food, Hookah, alcohol and bottle service, and $1,470 for "club dances performed by entertainers" on February 26, 2016;

    c.  $1,073.31 for a three-night stay at the Omni Barton Creek Resort in Austin, Texas on March 14, 2016; and

    d.  $728.47 for room service and minibar charges, a deep-tissue massage, and a pet-cleaning fee, during a three-night stay at the Omni Barton Creek Resort in Austin, Texas on March 18, 2016.

7

### C. False Statements to the FEC

28.    On or about April 14, 2016, PRALL, under the pseudonym, "Jacob Collins," for the purpose of reporting expenditures to the FEC, falsely informed the treasurer of Feel Bern, Person B, that the following were legitimate political committee expenditures for "meals & entertainment": (1) $3,101.92 spent in Miami, Florida, on February 26, 2016, at the E11EVEN nightclub in Miami for hookah, food, alcohol, and bottle service, and $1,470 for "club dances performed by entertainers," all paid for between the hours of 1:44 a.m. and 5:18 a.m.; and (2) $710.79 for a deep-tissue massage, pet-cleaning fee, room service, and mini-bar charges during his stay at the Omni Barton Creek Resort in Austin, Texas, from March 14-17, 2016.  PRALL falsely categorized these expenditures knowing that they had been entirely personal in nature and knowing that they would be falsely reported to the FEC.

### HC4President

### A. Solicitations

29.    On or about January 19, 2016, PRALL caused to be filed an FEC Form 1 Statement of Organization registering "HC4President" as a political committee to support Presidential Candidate B.

30.    No later than April 2016, PRALL designed and launched a website at www.hcforpresident.org, identifying the host organization as the Committee to Elect [Presidential Candidate B].  PRALL solicited donations through the website and falsely claimed: "We are volunteers helping [Presidential Candidate B] win the US Presidential election and usher in a new government for the people by helping raise awareness with voters."  PRALL also falsely represented: "Your contribution goes directly toward paying for training volunteers to knock on doors, make phone calls and spread the word about [Presidential Candidate B]'s movement.  It

also helps pay for our initiatives to help voters obtain the appropriate ID and transportation to voting facilities."

31.    Between January 2016 and November 2016, PRALL raised over $73,000 in contributions to HC4President.  Despite PRALL's representations, of this $73,000, PRALL paid no expenses for training volunteers, helping voters obtain identification, or arranging or providing transportation to voting facilities.  PRALL donated less than $1,100 to political causes.

**B.  Stealing the Contributions**

32.    Between April 29, 2016, and December 5, 2016, on or about the dates listed below, PRALL transferred a total of $34,543.77 from HC4President to the NHT account and $7,753.88 to the DMF account, both of which he controlled, as set forth below:

| Transfers to NHT | |
| --- | --- |
| Date | Amount |
| 4/29/2016 | $7,564.00 |
| 6/24/2016 | $6,742.30 |
| 11/8/2016 | $9,784.50 |
| 11/14/2016 | $4,356.45 |
| 12/5/2016 | $6,096.52 |
| **Total** | **$34,543.77** |

| Transfers to DMF | |
| --- | --- |
| Date | Amount |
| 4/29/2016 | $3,221.00 |
| 8/8/2016 | $4,532.88 |
| **Total** | **$7,753.88** |

33.    Additionally, PRALL used the debit card for the political committee's bank account at Financial Institution A to pay for the following personal expenditures:

   a.  $952.40 for roundtrip airfare for PRALL and his girlfriend to Jacksonville, Florida on April 25, 2016;

   b.  $460.36 for room service, drinks at the lobby bar, and dinner at the Omni Hotel in Dallas, Texas on May 5, 2016; and

    c.  $812.43 for roundtrip airfare to Belize on June 29, 2016.

## C.  False Statements to the FEC

34.     On or about June 29, 2016, PRALL, for the purpose of reporting expenditures to the FEC, falsely informed the bookkeeper of HC4President, Person B, that the following were legitimate political committee expenditures for "travel expenses": $460.36 spent in Dallas, Texas, on May 3, 2016, for room service, drinks at the lobby bar, and dinner at the hotel restaurant. PRALL falsely categorized these expenditures knowing that they had been entirely personal in nature and knowing that they would be falsely reported to the FEC.

### Trump Victory

## A.  Solicitations

35.     On or about March 22, 2016, PRALL caused to be filed an FEC Form 1 Statement of Organization registering "Trump Victory" as a political committee to support Presidential Candidate C.  On May 24, 2016, PRALL caused to be filed an FEC Form 1 Statement of Organization changing the name of the political committee to "Make America Great."

36.     No later than June 2016, PRALL designed or caused to be designed and launched or caused to be launched a website at www.trumpvictory.org, identifying the host organization as the Committee to Elect [Presidential Candidate C].  PRALL solicited donations through the website and falsely claimed:  "We are a group of volunteers from all walks of life who are looking for a real change in leadership and we believe [Presidential Candidate C] can deliver."  PRALL also falsely represented:  "We also donate the maximum allowed legal limits directly to [Presidential Candidate C] and other organization and nonprofits that are supporting [Presidential Candidate C]'s campaign for President."

37.     Between March 2016 and November 2016, PRALL raised over $165,000 in

contributions to Trump Victory.  Despite PRALL's representations, of this $165,000, PRALL

made no donations to Presidential Candidate C or other organizations or nonprofits supporting

Presidential Candidate C.

### B.  Stealing the Contributions

38.     Between June 29, 2016, and December 5, 2016, on or about the dates listed below,

PRALL transferred a total of $72,431.89 from Trump Victory to the Apex account, which he

controlled, as set forth below:

| Transfers to Apex | |
|---|---|
| Date | Amount |
| 6/29/2016 | $8,577.50 |
| 7/25/2016 | $9,889.67 |
| 8/2/2016 | $7,567.73 |
| 8/8/2016 | $8,423.78 |
| 11/8/2016 | $9,954.22 |
| 11/9/2016 | $9,354.33 |
| 11/10/2016 | $8,787.89 |
| 12/5/2016 | $9,876.77 |
| **Total** | **$72,431.89** |

39.     Additionally, Prall used the debit card for the political committee's bank account

at Financial Institution A to withdraw $103 from the ATM at Bernie's Beach House bar and

restaurant in Port Aransas, Texas on October 11, 2016.

### C.  False Statements to the FEC

40.     On or about October 26, 2016, PRALL, for the purpose of reporting PAC

expenditures to the FEC, falsely informed the bookkeeper of Trump Victory, Person B, that a $103

cash withdrawal at Bernie's Beach House bar and restaurant in Port Aransas, Texas on October

11, 2016, was for Google AdWords.  PRALL falsely categorized this expenditure knowing that it

11

had been entirely personal in nature and knowing that it would be falsely reported to the FEC.

### Transfers to PRALL's Personal Accounts

41.     After moving funds from the political committee accounts to his LLC accounts, PRALL withdrew or transferred nearly all of the money to his personal accounts, either directly or through the LRQ account.

42.     On or about the dates listed below, PRALL transferred funds or wrote checks to himself from DMF and NHT and deposited the checks into his personal checking and savings accounts:

| DMF | |
|---|---|
| Date | Amount |
| 3/29/2016 | $7,000.00 |
| 4/28/2016 | $4,000.00 |
| 4/28/2016 | $4,000.00 |
| 5/5/2016 | $4,000.00 |
| 7/5/2016 | $5,000.00 |
| 7/5/2016 | $5,000.00 |
| **Total** | **$29,000.00** |

| NHT | |
|---|---|
| Date | Amount |
| 3/28/2016 | $5,000.00 |
| 5/3/2016 | $4,000.00 |
| 5/3/2016 | $4,000.00 |
| 6/27/2016 | $5,000.00 |
| 6/27/2016 | $5,000.00 |
| **Total** | **$23,000.00** |

43.     Additionally, on or about the dates listed below, PRALL made the following transfers from the Apex, DMF, and NHT accounts into the LRQ account:

| Date | From | To | Amount |
|---|---|---|---|
| 8/18/2016 | Apex Marketing | LRQ | $12,693.35 |
| 8/24/2016 | DMF Marketing | LRQ | $9,823.33 |
| 8/24/2016 | NHT Productions | LRQ | $14,678.90 |
| 12/13/2016 | NHT Productions | LRQ | $44,879.15 |
| 12/13/2016 | Apex Marketing | LRQ | $55,000.00 |
| 12/13/2016 | DMF Marketing | LRQ | $5,803.48 |
| 3/23/2017 | Apex Marketing | LRQ | $4,841.57 |
| **TOTAL:** | | | **$147,719.78** |

44.     Beginning in January 2017, on or about the dates listed below, PRALL wrote a check to himself from LRQ in the amount of $130,000 and deposited it into his personal checking account and transferred $20,000 from the LRQ account to a business checking account that he controlled:

| Transfers from LRQ | | |
|---|---|---|
| Date | Amount | Account |
| 1/12/2017 | $130,000.00 | Personal Checking |
| 3/7/2017 | $10,000.00 | Business Checking |
| 3/15/2017 | $4,000.00 | Business Checking |
| 3/27/2017 | $3,000.00 | Business Checking |
| 3/29/2017 | $3,000.00 | Business Checking |
| **Total** | **$150,000.00** | |

45.     On or about January 17, 2017, PRALL transferred $100,000 from his personal checking account to his personal savings account.

### COUNTS ONE THROUGH THREE
### 18 U.S.C. § 1341
### (Mail Fraud)

46.     Paragraphs one through forty-five are incorporated and realleged as if fully set forth herein.

47.     On or about the dates set forth below, in the Western District of Texas and elsewhere, the defendant, PRALL, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, and to obtain money and property by means of material false and fraudulent pretenses, representations, and promises, knowingly and intentionally deposited, caused to be deposited, and aided and abetted the deposit of, the following matter and thing to be sent and delivered by the United States Postal Service and other private and commercial interstate carriers:

13

| Count | Date | Mailed From | Mailed To | Description |
|-------|------|-------------|-----------|-------------|
| 1 | 12/28/2015 | Kingsland, Texas | Washington D.C. | FEC Form 1, Statement of Organization, Feel Bern |
| 2 | 01/18/2016 | Austin, Texas | Washington D.C. | FEC Form 1, Statement of Organization, HC4President |
| 3 | 03/23/2016 | Austin, Texas | Washington D.C. | FEC Form 1, Statement of Organization, Trump Victory |

All in violation of 18 U.S.C. § 1341.

## COUNTS FOUR THROUGH SIX
### 18 U.S.C. § 1343
### (Wire Fraud)

48.     Paragraphs one through forty-five are incorporated and realleged as if fully set forth herein.

49.     On or about the dates set forth below, in the Western District of Texas and elsewhere, the defendant, PRALL, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, and to obtain money and property by means of material false and fraudulent pretenses, representations, and promises, knowingly and intentionally transmitted, caused to be transmitted, and aided and abetted the transmission of, writings, signs, signals, pictures, and sounds, by means of wire communication in interstate commerce for the following transactions:

| Count | Date | Description |
|-------|------|-------------|
| 4 | 04/09/2016 | $500 contribution to Feel Bern |
| 5 | 06/21/2016 | $2,700 contribution to HC4President |
| 6 | 09/21/2016 | $500 contribution to Trump Victory |

All in violation of 18 U.S.C. § 1343.

## COUNTS SEVEN THROUGH TWELVE
### 18 U.S.C. § 1956
### (Money Laundering)

50.     Paragraphs one through forty-five are incorporated and realleged as if fully set forth herein.

51.     On or about the dates listed below, in the Western District of Texas and elsewhere, the defendant, PRALL, knowing that the property involved in the financial transactions listed below represented the proceeds of some form of unlawful activity, knowingly and intentionally conducted and caused to be conducted the financial transactions designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, which was mail and wire fraud in violation of Title 18, United States Code, Sections 1341 and 1343, and each transaction affecting interstate commerce, in that the defendant transferred funds from various financial institutions to the shell LLC accounts listed below:

| Count | Date | Financial Transaction | Amount |
|-------|------|----------------------|--------|
| 7 | 8/9/2016 | Transfer from Feel Bern, Acct # XXXX8383 at Financial Institution A to DMF, Acct # XXXX4497 at Financial Institution B. | $8,563.96 |
| 8 | 11/9/2016 | Transfer from HC4President, Acct # XXXX8715 at Financial Institution A to NHT, Acct # XXXX7553 at Financial Institution C. | $9,784.50 |
| 9 | 11/9/2016 | Transfer from Trump Victory, Acct # XXXX6718 at Financial Institution A to Apex, Acct # XXXX6095 at Financial Institution C. | $9,954.22 |

| 10 | 8/18/2016 | Transfer from Apex, Acct # XXXX6095 at Financial Institution C to LRQ, Acct # XXXX0825 at Financial Institution C for "Marketing Services." | $12,693.35 |
| 11 | 8/24/2016 | Transfer from DMF, Acct # XXXX4497 at Financial Institution B to LRQ, Acct # XXXX0825 at Financial Institution C for "Online Marketing Consulting." | $9,823.33 |
| 12 | 8/24/2016 | Transfer from NHT, Acct # XXXX7553 at Financial Institution C to LRQ, Acct # XXXX0825 at Financial Institution C for "Marketing Services." | $14,678.90 |

All in violation of 18 U.S.C. § 1956.

## COUNTS THIRTEEN AND FOURTEEN
### 18 U.S.C. § 1957
### (Money Laundering)

52.    Paragraphs one through forty-five are incorporated and realleged as if fully set forth herein.

53.    On or about the following dates, in the Western District of Texas and elsewhere, the defendant, PRALL, did knowingly and intentionally engage in a monetary transaction in criminally derived property of a value greater than $10,000.00 which was derived from specified unlawful activity, that is, mail and wire fraud, in violation of Title 18, United States Code, Sections 1341 and 1343, to wit, on or about the dates alleged below, PRALL transferred funds from the LRQ account to his personal checking account and transferred funds from his personal checking account to his personal savings account in the amounts set forth below:

16

| Count | Date | Monetary Transaction | Amount |
|-------|------|----------------------|--------|
| 13 | 1/12/2017 | Transfer from LRQ, Acct # XXXX0825 at Financial Institution C to PRALL's checking account, Acct # XXXX3835 at Financial Institution C. | $130,000.00 |
| 14 | 1/17/2017 | Transfer from PRALL's checking account, Acct # XXXX3835 at Financial Institution C to PRALL's savings account, Acct # XXXX6650 at Financial Institution C. | $100,000.00 |

All in violation of 18 U.S.C. § 1957.

## COUNT FIFTEEN
### 18 U.S.C. § 1001(a)(2)
### (False Statements)

54.    Paragraphs one through forty-five are incorporated and realleged as if fully set forth herein.

55.    On or about April 14, 2016, in the Western District of Texas and elsewhere, the defendant, PRALL, knowingly and willfully, caused the submission of a material false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the government of the United States, to wit, causing the Feel Bern political committee to falsely record in a report to the Federal Election Commission dated April 15, 2016, $3,101.92 in expenditures at E11EVEN night club in Miami, Florida, as meals and entertainment expenses of the committee, and $710.79 in expenditures at Omni Barton Creek Resort in Austin, Texas, as travel expenses of the committee, when in fact the expenditures were purely personal in nature and unrelated to the committee.

All in violation of 18 U.S.C. § 1001(a)(2).

## COUNT SIXTEEN
### 18 U.S.C. § 1519
### (Causing False Records)

56.    Paragraphs one through forty-five are incorporated and realleged as if fully set forth

herein.

57.     On or about April 14, 2016, in the Western District of Texas and elsewhere, the defendant, PRALL, with the intent to impede, obstruct, and influence, and in relation to and contemplation of, the investigation and proper administration of matters within the jurisdiction of departments and agencies of the United States, knowingly concealed, covered up, falsified, and made a false entry in a record, document, and tangible object, to wit, causing the Feel Bern political committee to falsely record in a report to the Federal Election Commission dated April 15, 2016, $3,101.92 in expenditures at E11EVEN night club in Miami, Florida, as meals and entertainment expenses of the committee, and $710.79 in expenditures at the Omni Barton Creek Resort in Austin, Texas, as travel expenses of the committee, when in fact the expenditures were purely personal in nature and unrelated to the committee, which falsification the defendant well knew and contemplated was related to the proper administration of the Feel Bern committee's required disclosures under the Election Act by the Federal Election Commission.

All in violation of 18 U.S.C. § 1519.

### COUNT SEVENTEEN
### 18 U.S.C. § 1001(a)(2)
### (False Statements)

58. ·    Paragraphs one through forty-five are incorporated and realleged as if fully set forth herein.

59.     On or about June 29, 2016, in the Western District of Texas and elsewhere, the defendant, PRALL, knowingly and willfully, caused the submission of a material false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the government of the United States, to wit, causing the HC4President political committee to falsely record in a report to the Federal Election Committee dated July 15, 2016,

$460.36 in expenditures at the Omni Hotel in Dallas, Texas, as travel expenses of the committee, when in fact the expenditure was purely personal in nature and unrelated to the committee.

All in violation of 18 U.S.C. § 1001(a)(2).

### COUNT EIGHTEEN
### 18 U.S.C. § 1519
### (Causing False Records)

60.     Paragraphs one through forty-five are incorporated and realleged as if fully set forth herein.

61.     On or about June 29, 2016, in the Western District of Texas and elsewhere, the defendant, PRALL, with the intent to impede, obstruct, and influence, and in relation to and contemplation of, the investigation and proper administration of matters within the jurisdiction of departments and agencies of the United States, knowingly concealed, covered up, falsified, and made a false entry in a record, document, and tangible object, to wit, causing the HC4President political committee to falsely record in a report to the Federal Election Committee dated July 15, 2016, $460.36 in expenditures at the Omni Hotel in Dallas, Texas, as travel expenses of the committee, when in fact the expenditure was purely personal in nature and unrelated to the committee, which falsification the defendant well knew and contemplated was related to the proper administration of the HC4President committee's required disclosures under the Election Act by the Federal Election Committee.

All in violation of 18 U.S.C. § 1519.

### COUNT NINETEEN
### 18 U.S.C. § 1001(a)(2)
### (False Statements)

62.     Paragraphs one through forty-five are incorporated and realleged as if fully set forth herein.

19

63.    On or about October 26, 2016, in the Western District of Texas and elsewhere, the defendant, PRALL, knowingly and willfully, caused the submission of a material false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the government of the United States, to wit, causing the Trump Victory political committee to falsely record in a report to the Federal Election Committee dated November 8, 2016, a $103 cash withdrawal, as advertising and promotions expenses of the committee, when in fact the expenditure was purely personal in nature and unrelated to the committee.

All in violation of 18 U.S.C. § 1001(a)(2).

### COUNT TWENTY
### 18 U.S.C. § 1519
### (Causing False Records)

64.    Paragraphs one through forty-five are incorporated and realleged as if fully set forth herein.

65.    On or about October 26, 2016, in the Western District of Texas and elsewhere, the defendant, PRALL, with the intent to impede, obstruct, and influence, and in relation to and contemplation of, the investigation and proper administration of matters within the jurisdiction of departments and agencies of the United States, knowingly concealed, covered up, falsified, and made a false entry in a record, document, and tangible object, to wit, causing the Trump Victory political committee to falsely record in a report to the Federal Election Committee dated November 8, 2016, a $103 cash withdrawal, as advertising and promotions expenses of the committee, when in fact the expenditure was purely personal in nature and unrelated to the committee, which falsification the defendant well knew and contemplated was related to the proper administration of the Trump Victory committee's required disclosures under the Election Act by the Federal Election Committee.

All in violation of 18 U.S.C. § 1519.

### NOTICE OF FORFEITURE
### (28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C))

66.     Pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C), the United States gives notice to the defendant, PRALL, that in the event of his conviction of any of the offenses charged in Counts One through Six of this Indictment, all property, real or personal, which represents or is traceable to the gross receipts obtained, directly or indirectly, from such offense, is subject to forfeiture.

### NOTICE OF FORFEITURE
### (18 U.S.C. § 982(a)(1))

67.     Pursuant to Title 18, United States Code, Section 982(a)(1), the United States gives notice to the defendant, PRALL, that upon conviction of any of offenses charged in Counts Six through Fourteen, all property, real or personal, involved in money laundering offenses or traceable to such property, is subject to forfeiture.

### Money Judgment

68.     Defendant is notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture.

### Substitute Assets

69.     Defendant is notified that in the event that property subject to forfeiture, as a result of any act or omission of the defendant,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

the United States will seek to forfeit any other property of the defendant up to the total value of

the property subject to forfeiture pursuant to Title 21, United States Code, Section 853(p), as

incorporated by reference in Title 28, United States Code, Section 2461(c) and Title 18, United

States Code, Section 982(b)(1).

A TRUE BILL

ORIGINAL SIGNATURE
REDACTED PURSUANT TO
E-GOVERNMENT ACT OF 2002

1/15/19
TE

ANNALOU TIROL
Acting Chief, Public Integrity Section

JOHN D. KELLER, Deputy Chief
JAMES C. MANN, Trial Attorney

22